# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2489
_____

United States of America

*Plaintiff - Appellee*

v.

Dante D. Williams

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 15, 2022
Filed: May 23, 2023
[Unpublished]
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Tawhyne Patterson, Damon Williams, and Dante Williams were charged with multiple offenses arising out of an attempted robbery that resulted in Jessica

Brandon's death.[1]  While the two others proceeded to trial, Dante Williams pled guilty to three counts: (1) commission of murder with a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(j)(1) and 2; and (2) two counts of attempted interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (attempted Hobbs Act robbery).  Dante faced a statutory maximum sentence of life on Count One, see 18 U.S.C. § 924(j), and 20 years on Counts Two and Three, see 18 U.S.C. § 1951.  With a criminal history category of III and a total offense level of 40, Dante's advisory Sentencing Guidelines range was 360 months to life. The district court sentenced Dante to a total imprisonment term of 660 months, consisting of a 540-month term of imprisonment on the murder count and a consecutive term of 120 months on the two remaining counts, with these two sentences to run concurrently with each other.  Dante appeals, asserting the sentence is substantively unreasonable.  He has also filed a *pro se* motion for new counsel on the ground that his counsel declined to file a letter under Fed. R. App. P. 28(j) raising the applicability of United States v. Taylor, 142 S. Ct. 2015 (2022).

We directed the parties to provide supplemental briefs addressing the effect the Supreme Court's decision in Taylor has on this case.  Because the parties have filed supplemental briefing on Taylor's impact in this case, Dante's *pro se* motion for new counsel is denied as moot.  The United States concedes that Count One must be vacated pursuant to Taylor, and we agree.  See Jones v. United States, 39 F.4th 523, 526 (8th Cir. 2022) (directing district court to vacate conviction under 18 U.S.C. § 924(c) because it was premised on a mistaken conclusion that conspiracy to commit Hobbs Act robbery was a crime of violence).  We vacate Dante Williams' conviction and sentence on Count One.

Regarding the remaining counts, the sentencing package doctrine allows us to "vacate the entire sentence on all counts so that, on remand, the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the

[1]See appeals in related cases: United States v. Tawhyne Patterson, No. 21-2469 and United States v. Damon Williams, No. 21-2485 for a complete recitation of the facts.

sentencing factors in 18 U.S.C. § 3553(a)." United States v. McArthur, 850 F.3d 925, 943 (8th Cir. 2017) (quoting Greenlaw v. United States, 554 U.S. 237, 253 (2008)). This doctrine is often applied in cases involving multiple counts and a successful attack by a defendant on some, but not all, counts of conviction. Id. We find this case to be an appropriate case for application of the sentencing package doctrine. Because the convictions that remain valid were imposed by the district court on the assumption that Dante would serve a 540-month sentence, and that sentence has now been vacated, the district court should have an opportunity to decide whether concurrent terms of 120 months' imprisonment on the remaining counts are sufficient to comply with the purposes set forth in 18 U.S.C. § 3553(a).

For the foregoing reasons, we vacate Dante Williams' conviction and sentence on Count One and direct the district court to dismiss Count One. We remand the remaining two counts to the district court for resentencing.

_____